UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH HUDGINS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | |
| ) | 1:20-cv-01074-JRS-MG |
| DEPUTY MICHAEL WINSTON, ) | |
| DEPUTY ERNEST WESLEY, OFFICER ) | |
| JACQUELINE PIEKARZ, OFFICER ) | |
| MICHAEL HARMON, SERGEANT ) | |
| JEFFERY PETERSON, AND OFFICER ) | |
| JOHN LY, ) | |
| ) | |
| *Defendants.* ) | |

**ORDER**

On April 20, 2021, *pro se* Plaintiff Jeffery Hudgins filed a Motion for a Protective Order seeking from Defendants' discovery requests. [Filing No. 60.] On May 4, 2021, Defendants Deputy Ernest Wesley, Deputy Michael Winston, Officer Jacqueline Piekarz, Officer Michael Harmon, Sergeant Jeffery Peterson, and Officer John Ly, filed their response. [Filing No. 66.] Mr. Hudgins did not file a reply. This matter is now ripe for the Court's consideration.

**I.**
**BACKGROUND**

This matter arises out of Hudgins' incarceration at the Marion County Jail in June 2019. [*see generally* Filing No. 31.] Mr. Hudgins alleges he was arrested, was a victim of excessive force in connection with an arrest, which resulted in a fractured hand, was subsequently taken to jail, and was denied adequate medical care by healthcare staff and custody staff at the jail. [*see generally* Filing No. 31.]

Mr. Hudgins' Motion for a Protective Order consists of a single sentence in which he asks for an order "to stop being harrassed [*sic*] by named defendant's [*sic*], requesting/demanding information not important to my case." [Filing No. 60 at 1.] Mr. Hudgins names "Bleek & Assoc/et al, Chris Myers, [and] Elise Bowling"[1] as the individuals from whom he was seeking to be protected. [Filing No. 60.] On April 27, 2021, the Court conducted a telephonic status conference and ordered the parties to confer about outstanding discovery responses. [Filing No. 63.]

On May 4, 2021, Defendants filed their Response, asserting Mr. Hudgins' Motion for a Protective Order is inappropriate and should be dismissed. [Filing No. 66.] Defendants state that after the status conference, counsel for Defendants spoke with Mr. Hudgins via telephone, where he "voiced concern that the previously-sent authorizations for release of his medical records were too broad, and he informed counsel for Defendants and counsel for Wellpath that he would not agree to them." [Filing No. 66 at 2.] Before an agreement could be made between the parties, the Defendants allege Mr. Hudgins hung up the phone. [Filing No. 66 at 2.]

## II.
### DISCUSSION

The Court is mindful that Plaintiff is proceeding *pro se*, and that "[a] document filed pro se is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it is well established that pro se litigants are not excused from compliance with procedural rules. *See Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) (observing that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel") (internal quotation omitted); *Members v.*

---

[1] Chris Myers is Mr. Hudgins' former counsel. Ms. Bowling is counsel for Defendants. The law firm of Bleeke Dillon Crandall, P.C. represented former Defendant Wellpath, LLC.

*Paige,* 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced").

Federal Rule of Civil Procedure 26(c) allows a party from whom discovery is sought to move for a protective order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). The moving party bears the burden to show that he is entitled to a protective order. *Felling v. Knight,* 211 F.R.D. 552, 554 (S.D. Ind. 2003); *Cunningham v. Smithkline Beecham,* 255 F.R.D. 474, 478 (N.D.Ind.2009). To do so, the party must show good cause by submitting specific facts that demonstrate potential harm. *Felling,* 211 F.R.D. at 554. The movant must also show "with specificity" that the discovery request is inappropriate. *Cunningham,* 255 F.R.D. at 478. General assertions of hardship or conclusory statements that the requested discovery is irrelevant or overly burdensome will not suffice. *See id.*; *see also Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill.1990) (requiring the objecting party to "specify the nature of the burden and provide specific explanations").

Mr. Hudgins asserts the Defendants are "requesting/demanding information not important to my case." [Filing No. 60 at 1.] During the status conference held on April 27, 2021, Mr. Hudgins elaborated on which specific information requests were concerning him, stating the authorizations for release of medical records that counsel for Defendants provided to him for signature were too broad. [Filing No. 66 at 2.]

Unless limited by a court order, Fed. R. Civ. P. 26(b)(1) details the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

3

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Discovery requests involving medical records fall within scope of relevant documents concerning Mr. Hudgins' alleged excessive-force injuries and the subsequent denial of adequate medical care.

Hudgins has failed to meet his burden of showing specific facts, rather than general hardships or conclusionary statements, as to why Defendants' discovery requests are inappropriate or to demonstrate a potential harm if required to produce such documents. *Symons Int'l. Group, Inc. v. Continental Cas. Co.*, 2015 WL 1279839, at *2 (S.D. Ind. Mar. 20, 2015). Defendants claim that Mr. Hudgins' Motion for Protective Order does not seek "to restrict his obligation to respond to discovery but rather seeks to prevent counsel for Defendants from sending him requests, discovery or otherwise, for information he deems 'not important to my case.'" [Filing No. 66 at 2.] Mr. Hudgins' only provides general statements of overbreadth and irrelevance, without asserting specific details of inappropriateness or potential harm. Mr. Hudgins' Motion for a Protective Order falls short of the requirements of Federal Rule of Civil Procedure 26(c).

## III.
### CONCLUSION

For the reasons detailed above, Plaintiff's Motion for a Protective Order [60] is **DENIED.**

Dated: 5/21/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF: all counsel of record and via U.S. Mail to Plaintiff.**

KENNETH HUDGINS
12337 Rustic Meadow Drive
Indianapolis, IN 46229

4